**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STANLEY GENE KONZ,

    Plaintiff,

v.     Case No: 8:14-cv-1095-T-30TGW

THOMAS M. GALLEN,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Emergency Motion for Temporary Injunctive Relief (Dkt. #4). The Court, having reviewed the Motion and being otherwise advised in the premises, concludes that the Motion should be denied.

Plaintiff, Stanley Gene Konz, sues Thomas M. Gallen, in his official and individual capacity, jointly and severally, as a Circuit Court Judge in the Twelfth Judicial Circuit in and For Manatee County, Florida. He alleges that Judge Gallen violated his civil rights under color of state law under 42 U.S.C. §§ 1983, 1984, 1985, 1986. Plaintiff bases his allegations on the Judge's ruling in his foreclosure case and failing to grant him a jury trial, denying him due process of law and equal protection under the law by "rubber stamping" every document placed before him, refusing to stay the action pending appeal, denying his motion to join indispensable parties, and denying him a default against the bank. The

foreclosure case is currently scheduled for a foreclosure sale on May 29, 2014, and Plaintiff moves for temporary injunctive relief staying that foreclosure sale.

Injunctive relief claims in federal court against state court proceedings, including preliminary injunctions and temporary restraining orders, are barred by the federal Anti–Injunction Act unless they fall within one of three exceptions: (1) the injunction is expressly authorized by an Act of Congress; (2) the injunction is "necessary in aid of [the court's] jurisdiction"; or (3) the injunction is necessary "to protect or effectuate [the court's] judgments." *See* 28 U.S.C. § 2283. This is an "absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970). The Eleventh Circuit has interpreted the Act as "an absolute prohibition against federal court enjoinment of state court proceedings, unless the injunction falls within one of the specifically defined exceptions." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249–50 (11th Cir. 2006) (quoting *Nat'l R.R. Passenger Corp. v. Florida*, 929 F.2d 1532, 1535 (11th Cir. 1991)).

In *Bayshore*, the Eleventh Circuit further noted that the exceptions in the statute are to be "strictly interpreted" and that "proceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal court, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court." *Id*. at 1250 (internal quotation omitted). The Court concludes that none of the three exceptions apply here. Therefore, the Court cannot enjoin or stay the state court foreclosure action. *See Toby's Equine Rescue, Inc. v. Telecom Lease Advisors, LLC*, 8:13-CV-1132-T-

30MAP, 2013 WL 4520467 (M.D. Fla. 2013) (holding Anti–Injunction Act barred plaintiff's request to enjoin eviction proceedings).

Even if the federal Anti–Injunction Act did not apply, injunctive relief would be inappropriate under the circumstances. The four factors the movant must establish and the Court must consider in determining whether a temporary restraining or preliminary injunctive relief should be granted are: (1) that the movant has a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Plaintiff has provided no evidence in support of his request for preliminary injunctive relief. The merits of the Complaint leads the Court to conclude that the Plaintiff has not established a substantial likelihood of success. Plaintiff does not clearly carry the burden of persuasion on any of the four elements.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Emergency Motion for Temporary Injunctive Relief (Dkt. #4) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record